UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| FRANCIS KISTLER,<br><br>                 Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>                 Respondent. | 5:24-CV-05037-KES<br><br>SECOND ORDER RE: ATTORNEY-CLIENT PRIVILEGE WAIVER; GRANTING MOTION FOR EXTENSION OF TIME AND DIRECTING FORMER DEFENSE COUNSEL TO RESPOND |

On June 3, 2024, Petitioner Francis Kistler filed a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. (Doc. 1). The court entered an order for service on July 12, 2024. The government moved for an extension of time and for an order directing Kistler to complete and return the attorney-client privilege waiver. (Doc. 6). The court granted the motion, and the waiver form was mailed to Kistler on August 8, 2024, with instructions to Kistler that if he wanted the court to consider his ineffective assistance of counsel claim, he was required to return the waiver by August 23, 2024, or his ineffective assistance of counsel claims would be stricken from his § 2255 motion. (Doc. 8). No waiver form was received from Kistler.

On March 13, 2025, the United States moved to dismiss Kistler's § 2255 motion for failure to prosecute. (Doc. 9). The United States argues that Kistler's § 2255 petition should be dismissed because without a completed

waiver form, the United States could not respond to his ineffective assistance of counsel claims.

On March 26, 2025, Kistler filed an objection to the motion to dismiss and asserts that he signed and sent the waiver form by giving it to the Bureau of Prisons to mail.  (Doc. 10).  Kister requests that the court either "proceed with the merits of this case, or send another waiver form." Id.  Filed simultaneous with this Order is a report and recommendation that the motion to dismiss be denied without prejudice.

The court will make one more attempt to avoid dismissing Kistler's § 2255 motion.  Kistler is against directed to sign and file the attorney-client privilege waiver form.  The court warns Kistler that if he does not sign and file the attorney-client waiver from, the Court will dismiss his § 2255 petition.

Accordingly, **IT IS ORDERED:**

1.  That the Clerk shall send this Order and the attached Attorney-Client Privilege Waiver form to Petitioner

2.  That if the Attorney-Client Privilege Waiver form is not signed and returned to the Clerk for filing by December 26, 2025, the allegations of ineffective assistance of counsel will be stricken from Petitioner's Motion under 28 U.S.C. § 2255;

3.  That if the Attorney-Client Privilege Waiver form is signed and filed, the Government shall forward a copy of the signed Attorney-Client Privilege Waiver form to Attorney Thomas Diggins, along with a copy of this Order and Petitioner's § 2255 Motion.  Attorney Thomas Diggins shall, within fourteen (14) days of receiving the Attorney-Client Privilege Waiver form provide and file with the Clerk an affidavit responding to the specific allegations in the § 2255 Motion concerning his representation of Petitioner.

4. The Government shall promptly thereafter serve a copy of Mr. Diggins's affidavit upon Petitioner.

5. The United States shall file its response no later than 30 days after Mr. Diggins's affidavit has been received.

DATED this 25th day of November, 2025.

BY THE COURT:

DANETA WOLLMANN
United States Magistrate Judge

ATTORNEY-CLIENT PRIVILEGE WAIVER

You have made a motion under 28 U.S.C. § 2255 alleging that you received ineffective assistance from your former lawyer, Thomas Diggins.  The Court has reviewed your motion and determined that an affidavit from your former lawyer concerning the specific allegations in your motion is necessary to in order to evaluate your motion.

The American Bar Association advises your attorney to obtain your consent before disclosing confidential communications between you and him that may bear on the disposition of your motion.  This is a professional ethics requirement.  As a matter of law, you have waived the attorney-client privilege regarding the allegations of ineffective assistance of counsel in your motion.  This means that if you wish to proceed on your claims of ineffective assistance, you must allow your communications with your former counsel concerning the specific claims to be disclosed to the Government and to the Court.

If you wish to proceed with your claims of ineffective assistance of counsel as set forth in your Section 2255 motion, you must sign this form and return it to the Court.  The form authorizes your attorney to disclose confidential communications only to the extent necessary to address the ineffective assistance of counsel claims that are raised by your 28 U.S.C. § 2255 motion.

You should know that if you sign this authorization, you run the risk that your attorney will contradict your statements about their representation of you.  However, you should also know that the Court will strike the ineffective assistance of counsel claims in your motion if you do not authorize your attorney to give an affidavit in response to the ineffective assistance claims.

You must return this form by December 26, 2025, or the allegations of ineffective assistance of counsel will be stricken from your motion under 28 U.S.C. § 2255.

AUTHORIZATION

I have read the document entitled "Attorney-Client Privilege Waiver."  I hereby authorize my former attorney, Thomas Diggins, to disclose confidential communications only to the extent necessary to address the ineffective assistance of counsel claims that are raised by my motion under 28 U.S.C. § 2255.

     Dated this _____ day of _____, 2025.


_____
Petitioner