UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| FRANCIS JAMES KISTLER,<br><br>Movant,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | 5:24-CV-05037-CCT<br><br>**ORDER GRANTING MOTION TO DISMISS** |

Movant, Francis Kistler, filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. Docket 1. The government filed a motion to dismiss. Docket 20. Kistler opposes the motion. Docket 26. For the reasons stated below, the government's motion to dismiss is granted.

## FACTS

### A. Proceedings before District Court

The facts pertinent to Kistler's current motion are as follows. In August 2019, Kistler was indicted on six charges for attempted sexual exploitation of a minor, attempted enticement of a minor using the internet, and transfer of obscene material to a minor. *United States v. Francis Kistler*, 5:19-cr-50102, CR Docket 1.[1] On August 27, 2021, Kistler pled guilty to a superseding information charging a violation of 18 U.S.C. § 2422(b), enticement of minors using the internet. CR Dockets 69, 80, 83. In his factual basis statement,

[1] References to Kistler's underlying criminal file, 5:19-cr-50102, will be cited to as "CR Docket ___." Any citations to this civil matter will be cited as "Docket ____."

Kistler admitted that he had sexually exploited two minors, largely while he was on duty as a police officer. CR Docket 70 at 1.

At sentencing, the Court removed the two-level enhancement for use of a computer and determined that Kistler's total offense level was 36 and his criminal history category was 1, making his guideline range 188-235 months. CR Docket 104 at 1. The Court then imposed a sentence above the guideline range, citing as reasons for an upward departure to include aggravating circumstances, extreme psychological injury, dismissed and uncharged conduct, and sex offender characteristics. *Id.* at 2. Alternatively, the Court also indicated reasons for an upward variance, including the nature and circumstances of the offense, Kistler's use of his position as a deputy sheriff "to sexually abuse girls age 13 and 16," the seriousness of the offense, the need to deter criminal conduct, to protect the public, and to avoid unwanted sentencing disparities among defendants. *Id.* at 3. The Court imposed a sentence of 300 months. CR Docket 100 at 2.

**B. Direct appeal**

Kistler appealed, asserting that his sentence was substantively unreasonable and that "the district court procedurally erred by improperly considering the conduct underlying some of the dismissed counts of the indictment." *United States v. Kistler*, 70 F.4th 450, 452 (8th Cir. 2023). The Eighth Circuit found that even if the district court had erred procedurally in its departure analysis, any error was harmless because of the district court's thorough explanation of the appropriateness of the variance. *Id.* at 453. The

Eighth Circuit also found that Kistler's sentence was not substantively unreasonable and affirmed the district court. *Id.*

**C. Kistler's claims for relief under § 2255**

On June 3, 2024, Kistler timely filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. Docket 1. He states three grounds for relief: (1) that the "court failed to follow the two prong standard [set] forth by the Supreme Court in RUMMEL v. ESTELLE, 445 US 263 (1997) [sic] and 18 USC § 3553(a)(6), that created disparity between similarly situated offenders," (2) "denial of effective assistance of counsel by failure of counsel to have the court discuss and apply the Supreme Court holding in Rummel v. Estelle (the substantive and procedural right to which the law entitled petitioner) to petitioners sentence for 18 USC § 2422(b)," and (3) "denial of Sixth Amendment right to effective assistance of counsel for failure to challenge the § 3553 factors in comparison to the most hanious [sic] of crimes for petitioners 300 month sentence." Docket 2 at 2-8 (all caps omitted); *see* Docket 1 at 4-7. In his prayer for relief, Kistler requests that the Court set aside, vacate, and correct his sentence. *Id.* at 10. He also requests an evidentiary hearing and trial on his § 2255 motion. *Id.* at 11.

The Court entered an order for service of Kistler's motion on July 12, 2024. Docket 5. The government moved for an extension of time and for an order directing Kistler to complete and return the attorney-client privilege waiver. Docket 6. The magistrate court granted the motion, and the waiver form was mailed to Kistler on August 8, 2024, with instructions to Kistler that

if he wanted the Court to consider his ineffective assistance of counsel claim, he was required to return the waiver by August 23, 2024, or his ineffective assistance of counsel claims would be stricken from his § 2255 motion. Docket 8. No waiver form was received from Kistler.

**D. Government's motions to dismiss**

On March 13, 2025, the government moved to dismiss Kistler's § 2255 motion for failure to prosecute. Docket 9. The government argued that Kistler's § 2255 motion should be dismissed because without a completed waiver form, the government could not respond to his ineffective assistance of counsel claims. *Id.* On March 26, 2025, Kistler filed an objection to the motion to dismiss and asserted that he signed and sent the waiver form by giving it to the Bureau of Prisons to mail. Docket 10.

On November 25, 2025, Magistrate Judge Wollmann issued a report and recommendation on the government's motion to dismiss, recommending that the motion be denied without prejudice to allow Kistler additional time to sign the waiver form and provide it to the court. Docket 12. Kistler signed the attorney-client privilege waiver form on December 11, 2025. Docket 14. On December 31, 2025, Thomas Diggins, Kistler's defense counsel, filed his affidavit regarding his representation of Kistler. Docket 16. This Court issued an order adopting the report and recommendation, denying the motion to dismiss, and directing the government to file its response to the Diggins affidavit on or before January 30, 2026. Docket 18 at 2.

On January 30, 2026, the government filed an answer to Kistler's § 2255 motion, alleging in part that Kistler failed to state a claim for relief. Docket 19. On this same day, the government filed a second motion to dismiss Kistler's claims, Docket 20, asserting that Kistler's claim is procedurally defaulted and that Kistler is not entitled to relief under § 2255, Docket 21 at 9-14. The government also asserts that an evidentiary hearing is not necessary on Kistler's § 2255 motion because "Kistler's allegations are either inherently incredible, contradicted by the record, or would not entitle him to relief." Docket 21 at 14. Kistler opposes the second motion to dismiss, Docket 26.

## DISCUSSION

### A. Scope of a § 2255 motion

Section "2255 was intended to afford federal prisoners a remedy identical in scope to federal habeas corpus." *Davis v. United States*, 417 U.S. 333, 343 (1974). Section 2255 allows a federal prisoner "to vacate, set aside or correct" a federal sentence on "the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Where the allegation for relief is *not* based on a violation of a Constitutional or federal statutory right or an assertion that the court was without jurisdiction, the Supreme Court has read a "fundamentality" requirement into § 2255—relief is available for only those errors which constitute a "fundamental defect which inherently results in a complete

miscarriage of justice" or "an omission inconsistent with the rudimentary demands of fair procedure." *Hill v. United States*, 368 U.S. 424, 428 (1962) (citations omitted).

Generally, petitioners are precluded from asserting claims pursuant to § 2255 that they failed to raise on direct appeal. *United States v. Frady*, 456 U.S. 152, 158-59, 167-68 (1982); *United States v. Darden*, 915 F.3d 579, 586 (8th Cir. 2019). Because appellate courts generally refuse to review claims of ineffective assistance of counsel on direct appeal, such claims are properly addressed in a 28 U.S.C. § 2255 motion. *United States v. Campbell*, 764 F.3d 880, 892-93 (8th Cir. 2014); *United States v. Lee*, 374 F.3d 637, 654 (8th Cir. 2004).

When a § 2255 petitioner asserts a claim that is procedurally defaulted because it was not raised on direct appeal, the claim can only proceed after the petitioner has shown either: (1) actual innocence or (2) that the procedural default should be excused because there was both cause for the default and actual prejudice to the petitioner. *Bousley v. United States*, 523 U.S. 614, 621-22 (1998); *McNeal v. United States*, 249 F.3d 747, 749 (8th Cir. 2011).

### B. Kistler has procedurally defaulted on his claim regarding the Court's sentencing (ground 1)

Kistler claims that the court's failure to follow the two-prong test from *Rummel v. Estelle*, 445 U.S. 263 (1980) and 18 U.S.C. § 3553(a)(6) created a disparity in sentencing with similarly situated offenders. Docket 2 at 2-6. He did not raise this issue on direct appeal, so he can only proceed if he can show

actual innocence or that his procedural default should be excused because there was both cause for the default and he suffered actual prejudice. *McNeal*, 249 F.3d at 749. Kistler does not claim actual innocence, so that need not be considered. But he does raise the issue of whether the Court applied a two-prong test from *Rummel* and claims the "District Court[']s procedural error is sufficient to establish cause, to relieve procedural default[.]" Docket 2 at 3.

"The cause and actual prejudice standard imposes 'a significantly higher hurdle' than even the plain error standard of Rule 52." *Chantharath v. United States*, No. CIV. 13-4117, 2014 WL 6680660, at *3 (D.S.D. Nov. 25, 2014) (quoting *Frady,* 456 U.S. at 166). "Cause for the procedural default exists if 'the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the . . . procedural rule.'" *Id.* (quoting *Murray v. Carrier,* 477 U.S. 478, 488 (1986)).

Kistler argues that the Court failed to apply the two-factor test from *Rummel* and the § 3553(a)(6) factors. However, a review of the majority opinion in that case does not reveal a two-step process as referred to by Kistler. Rather, *Rummel* addressed the issue of whether a life sentence imposed under a Texas recidivist statute violated the Eighth Amendment as grossly disproportionate to the severity of the defendant's crimes. *See generally Rummel*, 445 U.S. 263. It appears the factors Kistler references are set forth in the dissenting opinion, which is not controlling. Nonetheless, the facts of Kistler's case are significantly different than those at issue in *Rummel.* Thus, the sentencing court did not err in failing to consider *Rummel.*

More broadly, it appears Kistler is really arguing that he is entitled to relief because a disparity with other cases was created when he was sentenced above the joint recommendation made by the parties in the plea agreement. Though not couched as such by Kistler, the Court interprets his argument to mean he believes cause exists to excuse his default because his claim falls into the category of novel claims that may be raised for the first time in a collateral proceeding. *See United States v. Moss,* 252 F.3d 993, 1002 (8th Cir. 2001). "[A] claim that 'is so novel that its legal basis is not reasonably available to counsel' may constitute cause for a procedural default." *Bousley,* 523 U.S. at 622.

However, Kistler's argument is not novel. Instead, it is an argument that is regularly and appropriately raised on direct appeal. Kistler raised the issue of whether his sentence was substantively unreasonable on direct appeal here, and the Eighth Circuit affirmed his 300-month sentence as not substantively unreasonable. *Kistler*, 70 F.4th at 452. The Eighth Circuit acknowledged the "district court's extensive explanation for the appropriateness of its variance placed great weight on the seriousness of the offense and Kistler's abuse of his position as a law enforcement officer[,]" noting that the district court "placed comparatively little weight on any of the dismissed counts." *Id.* at 452-53. Further, the Eighth Circuit noted that the district court "emphasized the egregiousness of Kistler's conduct and that it had employed 300-month sentences previously for other egregious conduct under this statute." *Id.* at 453. Finally, the Eighth Circuit noted that the district court found that "the

Guidelines did not adequately account for the seriousness of Kistler's offense and the need to send an accurate message to the community." *Id.*

Although Kistler argues that the district court failed to consider comparative sentences and he lists a number of cases in his briefing that he believes his counsel could have cited, Docket 26 at 2-8, the record shows that the district court did consider other cases with egregious conduct in making its decision, CR Docket 111. Further, when Kistler entered his plea to the charge of enticement of minors using the internet, he was represented by counsel and he explicitly indicated that he understood that the court was not bound by any recommendation of the parties. CR Docket 69 at 4; CR Docket 85 at 22; CR Docket 108 at 8–11. *See Walking Eagle v. United States*, 876 F. Supp. 2d 1090, 1120 (D.S.D. 2012) ("When a defendant has pleaded guilty while represented by counsel, the representations he made at his plea hearing carry a strong degree of verity and pose a formidable barrier in any subsequent collateral proceedings." (citation modified).

Kistler fails to carry his burden to demonstrate cause, so there is no need for the Court to determine if he has established prejudice. *See Rajab v. United States*, No. 5:22-CV-05053-KES, 2023 WL 12245932, at *2 (D.S.D. Sept. 19, 2023) ("If a habeas petitioner does not establish cause, there is no need to consider whether he has established prejudice." (*citing Moore-El v. Luebbers*, 446 F.3d 890, 898 (8th Cir. 2006)), *report and recommendation adopted*, No. 5:22-CV-05053-KES, 2023 WL 12245933 (D.S.D. Oct. 25, 2023). His claim is

procedurally defaulted, and he has failed to establish any grounds to excuse the default.

**C. Kistler's claims for ineffective assistance of counsel fail (grounds two and three)**

Kistler asserts ineffective assistance of counsel as two of the grounds for his § 2255 motion. Docket 2 at 6-10. These issues are properly addressed in a § 2255 motion, so no procedural default analysis is required before examining his claims. *See United States v. Looking Cloud,* 419 F.3d 781, 788–89 (8th Cir. 2005) (Ineffective assistance of counsel claims are generally not cognizable on direct appeal and are properly addressed in a § 2255 motion).

The Sixth Amendment to the United States Constitution guarantees the right to effective assistance of counsel in criminal prosecutions. U.S. Const. amend. VI; *see also Gideon v. Wainwright*, 372 U.S. 335, 339 (1963). To establish a claim of ineffective assistance of counsel, the petitioner must show both that his counsel's performance was deficient, and that the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To meet this two-pronged standard, "the petitioner must show that (1) his counsel's representation fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for his counsel's unprofessional errors, the result of the proceeding would have been different." *United States v. Ledezma–Rodriguez*, 423 F.3d 830, 836 (8th Cir. 2005).

The first part of the *Strickland* test "requires a 'showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed [to] the defendant by the Sixth Amendment.'" *Williams v. United States*, 452 F.3d 1009, 1013 (8th Cir. 2006) (citation omitted). The petitioner must "overcom[e] the strong presumption that defense counsel's representation fell 'within the wide range of reasonable professional assistance.'" *Delgado v. United States*, 162 F.3d 981, 982 (8th Cir. 1998) (quoting *Strickland*, 466 U.S. at 689). Courts are not to "second-guess" trial strategy. *Williams*, 452 F.3d at 1013. "The Sixth Amendment right to counsel functions to ensure that defendants receive a fair trial, not a perfect one." *Willis v. United States*, 87 F.3d 1004, 1008 (8th Cir. 1996).

"The second part of the *Strickland* test requires that the movant show that he was prejudiced by counsel's error[.]" *Williams*, 452 F.3d at 1013 (citation omitted). This means proving "that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Id.* (citation omitted). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* (quoting *Strickland*, 466 U.S. at 694). "It is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding." *Ford v. United States*, 917 F.3d 1015, 1021 (8th Cir. 2019) (citation omitted). "Because the defendant must satisfy both prongs of the *Strickland* test to succeed on an ineffective-assistance claim, a court may decide such a claim by

addressing either prong." *Id.* Kistler's ineffective assistance of counsel claim does not satisfy either.

Kistler cannot satisfy the first part of the *Strickland* test. There is no evidence that Diggins made such serious errors that he was not functioning as Kistler's counsel. Kistler's generalized assertions of deficient and unreasonable performance, Docket 2 at 6-7, are contradicted by Diggins's affidavit and the record itself. Kistler was originally charged with six counts related to attempted sexual exploitation and enticement of a minor. CR Docket 1. He entered a plea to one count of enticement of minors, which carried a mandatory minimum sentence of 10 years. CR Dockets 69, 106, 108.

At sentencing, the parties jointly recommended a sentence of 10 years. Docket 16 at 3. Diggins presented the sentencing court with information on Kistler's remorse, lack of criminal history and age, his family support, his health issues, his positive performance on pretrial release, the length of his pretrial release, his participation in counseling, his cooperation with law enforcement, and the nature of the admitted sexual contact Kistler engaged in with the victims. *Id.* Diggins indicated in his affidavit that he did not ask that the sentencing court consider sentences in other cases because Kistler was employed as a law enforcement officer at the time of the offense, and Diggins "believed that comparing [Kistler's] case to the cases of other, non-law enforcement defendants would be viewed as an aggravating factor, not a mitigating one." *Id.* Diggins was clearly functioning as Kistler's counsel and provided reasonable professional assistance.

Even if Kistler somehow could satisfy the first prong of *Strickland*, he cannot show prejudice under the second prong from any error by Diggins. To establish prejudice after a guilty plea, Kistler must show "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *United States v. Frausto*, 754 F.3d 640, 643 (8th Cir. 2014) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)). Kistler has made no such showing. As the Eighth Circuit has noted, "Courts should not upset a plea solely because of *post hoc* assertions from a defendant about how he would have pleaded but for his [or her] attorney's deficiencies." *Meza-Lopez v. United States*, 929 F.3d 1041, 1045 (8th Cir. 2019) (quoting *Lee v. United States*, 137 S. Ct. 1958, 1967 (2017)). Because neither prong of *Strickland* is met here, as a matter of law, Kistler's § 2255 motion must be denied.

**D. No evidentiary hearing is warranted**

"While '[a] petitioner is entitled to an evidentiary hearing on a section 2255 motion unless the motion and the files and the records of the case conclusively show that [he] is entitled to no relief,' no hearing is required 'where the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based.'" *New v. United States*, 652 F.3d 949, 954 (8th Cir. 2011) (alterations in original) (quoting *Anjulo-Lopez v. United States*, 541 F.3d 814, 817 (8th Cir. 2008)).

"A district court may deny an evidentiary hearing where (1) accepting the petitioner's allegations as true, the petitioner is not entitled to relief, or (2) 'the

allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" *Guzman-Ortiz v. United States*, 849 F.3d 708, 715 (8th Cir. 2017) (quoting *United States v. Sellner*, 773 F.3d 927, 929-30 (8th Cir. 2014)).

Here, no evidentiary hearing is warranted. The record demonstrates that Kistler has procedurally defaulted on his claim that the sentencing court failed to apply the two-prong test purportedly in *Rummel* and his claim that his sentence was substantively unreasonable. He also has not provided any evidence or law that would excuse his procedural default. Further, his claims for ineffective assistance of counsel are refuted by the record. Thus, his request for evidentiary hearing is denied.

**ORDER**

For the reasons explained above, it is hereby

ORDERED that Kistler's motion under 28 U.S.C. § 2255, Docket 1, is denied. It is further

ORDERED that the United States' motion to dismiss Kistler's § 2255 motion, Docket 20, is granted.

Dated August 19, 2026.

BY THE COURT:

/s/ *Camela C. Theeler*
CAMELA C. THEELER
UNITED STATES DISTRICT JUDGE